IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TEVIS RANDALL, | § § | |
| *Plaintiff,* | § § | SA-21-CV-00576-JKP |
| vs. | § § § | |
| ARTURO VELARDE, CAPISCE GENTLEMAN'S CLUB, 210 ENTERPRISES, | § § § § § | |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Jason K. Pulliam:**

This Report and Recommendation concerns the review of the pleadings pursuant to 28 U.S.C. § 1915(e). All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's Complaint be dismissed because for lack of subject matter jurisdiction.

**I. Procedural Background**

Plaintiff Tevis Randall filed this case on June 14, 2021, against Defendants Arthur Velarde, Capisce Gentlemen's Club, and 210 Enterprises, by requesting leave to proceed *in forma pauperis* in this matter. The Court granted Plaintiff's motion and waived the filing fee associated with this case but, due to certain defects identified in his Complaint, ordered the filing of a More Definite Statement before directing service of the Complaint on Defendants.

1

Plaintiff's More Definite Statement was originally due on July 15, 2021.  However, the Court's Order for a More Definite Statement was returned as undeliverable with no forwarding address for Plaintiff.  On July 9, 2021, Plaintiff provided the Court with a new address, and the Court issued a new Order for a More Definite Statement with an August 17, 2021 deadline.  Plaintiff filed his More Definite Statement on August 5, 2021 [#9].

## II. Analysis

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[1]  *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Complaint alleges that he contacted Defendant Velarde in January 2020 regarding the sale of a vending machine in an attempt to create a business relationship.  (Compl. [#5].)  According to Plaintiff, Velarde offered him the opportunity to become a partner in his business for an investment of $10,000.  Plaintiff claims he contributed financially to Velarde's business and worked for a period of time as a promoter for Velarde's club.  Plaintiff's allegations focus on various verbal promises Velarde made to him regarding the business and his failure to satisfy these promises.  Plaintiff believes Velarde's club is thriving under his promotion, advertising, and management skills and that Velarde's deceit has caused damage to Plaintiff's brand and that he is entitled to at least 51% of the club's profits or $250,000, which is his estimated financial loss.  Aside from listing United States Code Titles 2, 5, 9, 17, 19, 20, 29, and

---

[1] Under 28 U.S.C. § 1915(e), a court may at any time dismiss a case if it determines that the case filed by the IFP plaintiff is frivolous, but is not required to screen non-prisoner cases for frivolousness at the outset. In contrast, when an IFP case is filed by a prisoner, the court is required to screen a complaint for frivolousness prior to docketing or as soon as possible. *See* 28 U.S.C. § 1915A(a).

41, Plaintiff has not specified what causes of action he is attempting to bring against any of the named Defendants.

Plaintiff's More Definite Statement consists of two sentences: "I believe that under Title 18, U.S.C. Section 241—Conspiracy Against Rights and Title 18 U.S.C. Section 242 – Deprivation of Rights under Color of Law I have a valid case.  I also believe Arturo's citizenship itself may be false."  (More Definite Statement [#9], at 2.)

Sections 241 and 242 are "Reconstruction Era civil rights statutes making it criminal to deprive a person of rights protected by the Constitution or laws of the United States under color of law." *United States v. Causey*, 185 F.3d 407, 414 (5th Cir. 1999).  Section 242 provides, in relevant part:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person . . . to the deprivation of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both . . . and if death results from the acts committed in violation of this section . . . shall be fined under this title, or imprisoned for any term of years or for life, or may be sentenced to death.

18 U.S.C. § 242.  Section 241 provides, in relevant part,

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in . . . the free exercise of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having exercised the same . . . .
>
> They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section . . . they shall be fined under this title and imprisoned for any term of years, or for life, or may be sentenced to death.

18 U.S.C. § 241.

Neither of these statutes provide a basis for civil liability or give rise to civil causes of action; rather, they are purely criminal provisions. *Gill v. State of Tex.*, 153 Fed. App'x 261, 262 (5th Cir. 2005). Plaintiff "as a private citizen . . . has no standing to institute federal criminal prosecution and no power to enforce a criminal statute." *Id.*

Plaintiff may be attempting to bring this suit pursuant to 42 U.S.C. § 1983, a civil rights statute providing a mechanism for private citizens to enforce those rights secured by the Constitution or laws of the United States. However, this statute is only enforceable against state actors, not private parties like the Defendants named in this case. *McKinney v. Irving Ind. Sch. Dist.*, 309 F.3d 308 (5th Cir. 2002). Plaintiff fails to state a claim under 18 U.S.C. §§ 241, 242 or 42 U.S.C. § 1983 against Defendants.

The undersigned has reviewed Plaintiff's Complaint and More Definite Statement and concludes that Plaintiff's case should be dismissed for lack of subject matter jurisdiction. Federal courts like this one are courts of limited jurisdiction. This Court only has jurisdiction and authority to entertain cases that either (a) raise a federal question (involve claims arising under the United States Constitution or a federal statute) or (b) fall under the Court's diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. For the Court to have jurisdiction over a state-law claim under the Court's diversity jurisdiction, the matter in controversy must exceed $75,000 and be between citizens of different states. *Id.* at § 1332(a).

Although Plaintiff's Complaint lists several titles of the United States Code (Titles 2, 5, 9, 17, 19, 20, 29, and 41), Plaintiff's Complaint does not explain which specific sections of the United States Code or what federal law Plaintiff believes Defendants to have violated. In an attempt to ascertain whether this Court has subject matter jurisdiction over Plaintiff's Complaint, the Court ordered Plaintiff to explain the federal statute at issue in this case. Plaintiff's More

Definite Statement simply lists 18 U.S.C. §§ 241 and 242.  The Court is not aware of any other federal statute implicated by Plaintiff's allegations regarding his business dispute with Defendants.  The Court therefore lacks federal subject matter jurisdiction over Plaintiff's Complaint.

Any state law claim arising from the facts contained in Plaintiff's Complaint and More Definite Statement, such as negligent misrepresentation or fraud, does not fall under this Court's diversity jurisdiction because Plaintiff, who has provided the Court with multiple Texas mailing addresses, has not established that there is complete diversity of citizenship between himself and Defendants, even if he has pleaded that the minimum amount in controversy has been satisfied.  In the Court's Order for a More Definite Statement, the Court asked Plaintiff to explain whether he had reason to believe that any of the Defendants were not citizens of Texas.  Plaintiff responded only that he believed Velarde's citizenship to be false.

Plaintiff bears the burden to "distinctly and affirmatively" allege the citizenship of the parties.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).  Plaintiff has failed to do so.  Defendant has sued three Defendants, two of which are local businesses located in San Antonio, Texas.  Plaintiff has failed to affirmatively allege the citizenship of Defendants to determine that none of Defendants are Texas citizens.  The District Court should therefore dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e).

### III.  Conclusion and Recommendation

Having considered Plaintiff's Complaint and More Definite Statement under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends Plaintiff's claims be **DISMISSED**.

## IV.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 25th day of August, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE